## STATE v. CLIFFORD NYHUS.[1]

January 11, 1929.

No. 27,118.

*Henry Nycklemoe* and *Charles Lund,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *John L. Townley, Jr.* County Attorney, for the state.

HOLT, J.

Defendant was convicted of a violation of G. S. 1923, § 10255. In the information filed against him by the county attorney of Otter

[1]Reported in 222 N. W. 925.

Tail county the offense is specified in these words: "that the said Clifford Nyhus did, in the Township of Nidaros in said county and state, on the 7th day of January, 1928, wilfully, wrongfully and unlawfully carry and have concealed on his person a weapon, to-wit: a revolver then and there loaded with powder and ball, with intent to use the same against the person of another against the form * * *." A motion for a new trial was made and denied, and defendant appeals from the judgment.

It is insisted that there was a fatal variance between the information and the proof, in that the concealed weapon was not a revolver but an automatic pistol. There was evidence that the weapon in ordinary parlance is indiscriminately given both names. Either weapon readily lends itself to being carried concealed. The size is about the same. Each may be loaded with powder and ball and quickly fired. The pistol carrying a single cartridge, the revolver, and the automatic pistol occupy substantially the same status so far as being a dangerous weapon within the purview of the statute mentioned. And the doctrine of variance should not be successfully invoked to secure a dismissal where perchance the information specifies one of the three weapons mentioned as the one by which the offense was committed, while the proof shows it to have been one of the other two.

Another point urged is that the weapon was not loaded, because the magazine containing the cartridges lacked a quarter of an inch of being pushed into place. The point has no merit. Merely a touch of the thumb or finger would send the magazine home and the weapon would be ready to fire. Nor is there anything in the contention that because the prosecuting witness assaulted defendant and by force took the gun from him it could not properly be received in evidence for it would amount to compelling defendant to furnish evidence against himself.

The sufficiency of the evidence to prove the intent of defendant to use the weapon against the person of the prosecuting witness is challenged. The burden was on the state to prove such intent beyond a reasonable doubt. State v. Simon, 163 Minn. 317, 203 N. W.

989. A reading of the record, and especially the prosecuting witness' account of what occurred when he and defendant met, raises a serious doubt in our minds whether there was proof beyond a reasonable doubt of defendant's criminal intent to use the weapon. In view of our conclusion that another jury should pass on that question, it would be improper to discuss the evidence or the deductions to be drawn therefrom. To the instant case we apply what was said in State v. Edmons, 132 Minn. 465, 156 N. W. 1086:

"No errors were committed on the trial, the instructions to the jury are not open to criticism, but a majority of the court are of opinion that the evidence of criminal intent is so far doubtful as to require in the interests of justice the submission of the question to another jury."

The judgment is therefore reversed and the cause remanded for a new trial.