THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN RODRÍGUEZ, *alias* LARA, Defendant and Appellant.

No. 8917. Argued December 5, 1941.—Decided December 12, 1941.

*Julio Viera Morales* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was convicted of carrying a prohibited weapon and of a violation of the Act regarding the registration of firearms. The two cases were tried on the same evidence in the lower court and were likewise consolidated in this appeal. The appellant urges that the lower court erred in overruling the demurrer filed in the prosecution for a violation of the said act; that it similarly erred in weighing the evidence in both cases; and lastly that the judgments are contrary to law and the evidence.

 Let us take up first the questions relating to the demurrer.

In his argument thereon, the defendant said:

"The allegation fails to state the domicile of the defendant during the thirty days following the date when Act No. 14, approved July 8, 1936, and subsequently amended, became effective. It is not alleged that at that time the defendant was the owner or possessor of the firearm claimed to have been kept by him. Your honor, there is no allegation, subsequent to the period of thirty days allowed by said act for registering the weapon, regarding the domicile of the defendant or the date of the acquisition by him of the weapon in question, so as to oblige him to register the same within the period of thirty days. Your honor, there is no allegation as to the number and make of the revolver alleged to be in the possession of the defendant at the time stated in the information."

Section 7 of Act No. 14 of July 8, 1936 (Laws of that year, Third Special Session, p. 128), as amended by Act No. 95 of May 12, 1937 (Laws of 1936–37, p. 231), in its pertinent part, reads as follows:

"Section 7.—Every person who, for any reason, has any firearm in his possession when this Act takes effect shall be obliged so to declare, in writing, not later than the thirtieth day after the day on which is made the last publication of the edicts provided for in Section 9 of this Act, to the chief of the Insular Police of the district where he resides. Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare, in writing, to the chief of the Insular Police of the district where he resides. . . .

"* * * * * * *

"After the expiration of the term for the registration of firearms in the above-prescribed manner, the fact of possessing a firearm the possession or control of which has been obtained without complying with the provisions of this Act, or of failing to declare it as provided in this section, shall be *prima facie* evidence that such firearm has been obtained, is possessed, or is carried, illegally."

 Courts take judicial notice of the date when statutes go into effect, and as the date is stated in the information in the instant case when the weapon, which had not been regis-

tered, was seized, that is, November 4, 1940, it can be easily inferred that by that time not thirty days but more than four years subsequent to the going into effect of the act had elapsed. ■ The offense involved in a violation of the cited act is of a continuous nature, for so long as the weapon is in the possession of the accused, it is his duty under the law to declare the same, and as his declaration must be made to the chief of police of the district of his residence, it is obvious that the residence to be alleged is that of the defendant at the time of the seizure of the weapon, which is the place where he last had an opportunity to declare it. As the offense in question is of a continuous nature, the limitation period does not begin to run until· the commission of the offense is at an end, that is, until the defendant ceases to possess the weapon. In the instant case, the prescription began to run from November 4, 1940, that is, when the defendant no longer kept the weapon, and therefore, on December 12, 1940, when the information was filed, the one-year period of prescription fixed by law for misdemeanors had not yet expired. ■ Lastly, the number and make of the weapon need not be stated in the information. It is sufficient to allege that the same is a revolver, for such term has a well-defined meaning in Spanish and it is by itself sufficient to inform the defendant as to the nature of the weapon involved. What the law and the decisions require is that the defendant be reasonably informed of the offense with which he is charged, and the information in the instant case satisfactorily complies with that requisite. *People* v. *Avilés,* 54 P.R.R. 257. By analogy, see *People* v. *Nieves,* 37 P.R.R. 594; *People* v. *González,* 39 P.R.R. 343; and also *State* .v. *Nyhus* (1929 Minn.) 222 N. W. 925, and *Schraeder* v. *State,* 162 N. E. 647. If the defendant had desired the information to be more specific, he might have timely applied for a bill of particulars. *People* v. *Avilés, supra.*

■ Let us now consider the second error assigned. From the evidence it appears that on the night of November 4, 1940, which was the eve of the general election held in that year, the defendant tried to pass by a street in Coamo where there was located a club of the opposite political party and one of the members of such party, who was on that street, attempted to prevent him from passing by it. An altercation ensued between them and the defendant struck him with a whip he was carrying. Whereupon he drew a revolver, but then the person assaulted threw a stone at the defendant and struck his hand, forcing him to drop the revolver which was seized by a third person who took it to the police station. The proper accusations covering both offenses were then filed. The evidence, although conflicting, tends to sustain the charges, and as the lower court resolved the conflict against the defendant, and as it has not been shown that in so doing the court was moved by passion, prejudice or bias, or that it committed manifest error, we can not disturb its findings.

The third assignment is predicated on the two preceding ones, and as the latter are without merit, the former is likewise groundless.

Therefore, the judgment appealed from must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.