THE PEOPLE OF. PUERTO RICO, Plaintiff and Appellee, *v.* SANTIAGO RUPIZÁ, Defendant and Appellant.

Nos. 15089–90. Argued July 2, 1951.—Decided July 5, 1951.

---

*E. Alcaraz Casablanca* for appellant.  *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Santiago Rupizá was charged with the unlawful carrying and nonregistration of a pistol. Both cases were heard jointly. Upon being convicted and sentenced to imprisonment in jail for six months and two years, respectively, he appealed to this Court. He contends that the evidence is insufficient for lack of a clear and adequate description of the weapon he was supposed to be carrying, and that the

lower court erred in deciding that there was no variance between the information and the evidence.

A pistol is mentioned in the informations. Nevertheless, the witnesses, Juan Valentín Cruz and Confesor Olán Guzmán testified that on or about October 31, 1950, the defendant was going along a road which crosses Fernando Muñoz McCormick's property; that upon seeing him go by and noticing a bulge in his pocket, Cruz asked him: "What have you got there?" and the defendant answered, "A revolver"; that Cruz then told him: "Why, you wouldn't even kill a fly," to which the defendant replied, "Come on, get in front and see. Get me a policeman and get in front and see," pulling out then a revolver from his pocket, pointing it at Cruz and finally telling them to quit working and join him in the revolution. They also testified that they noticed that it was a long-barreled, black revolver. On cross-examination one of them stated that he knows it was a revolver, but that he could not tell the caliber thereof nor whether it was loaded, nor the color of the plates, nor whether it had bullets nor the difference between a revolver and a pistol. This witness knew, however, that a revolver is larger and that both weapons may be used to kill. A motion for nonsuit having been dismissed, the defendant offered no evidence whatsoever.

When in cases of this sort the weapon is not seized, the evidence for the prosecution must be clear and convincing. In our judgment the evidence in this case was clear and convincing, since the two witnesses introduced by the People positively stated that they saw the defendant carrying a revolver along a road which crosses a property belonging to somebody else. The fact that they were unable to point out the difference between a revolver and a pistol, the color of the plates or the caliber of defendant's gun, did not mean that the unlawful carrying of the weapon had not been proved.

■ Although reference is made in the information to a pistol and the witnesses for the People referred to a revolver, the variance is not fatal. Act No. 14 of June 25, 1924 (Spec. Sess. Laws, p. 114), as amended, punishes the carrying of *any arm* or instrument with which bodily injury may be caused; and Act No. 14 of July 8, 1936 (Spec. Sess. Laws, p. 128), as amended by Act No. 44 of September 27, 1949 (Spec. Sess. Laws, p. 96), provides that "Every person who, for any reason, has *any firearm* in his possession . . . shall be obliged so to declare, in writing, . . . to the chief of Police of the district where he resides." (Italics ours.) A revolver as well as a pistol are firearms with which bodily injury may be caused, and although usually there is a difference between the one and the other in practice (and according to the dictionary)[1] there is hardly any difference between them, since both may be used for the same purpose. Indeed we fail to see how the variance may have prejudiced the appellant. *Cf. People* v. *Robert,* 60 P.R.R. 815; *People* v. *Rodríguez,* 35 P.R.R. 253; *State* v. *Nyhus,* 222 N. W. 925.

■ The defendant further contends that the lower court erred in finding that on the date of the events he had in his possession a weapon which he had not declared in writing to the chief of police of the town where he resides. This error lacks merit. At the beginning of the trial the parties stipulated, not only that both cases be tried jointly, but also that the defendant did not have any weapon registered in Mayagüez, his home town. In discussing this error the defendant argues that there is a difference between not having a weapon registered and not having declared it. For the purposes of Act No. 14 of 1936, *supra,* we decide that both phrases have the same scope, especially when to register a firearm it is indispensable that its possessor previously de-

---

[1] According to the Dictionary of the Spanish Language, *Real Academia Española,* 17th ed., 1947, p. 1105, the word "revolver" means: A pistol with one or several barrels and a revolving cylinder with several chambers.

clare in writing that he possesses it. If such declaration is made, it is to be presumed that the chief of police of the district has done his duty.[2] See *People* v. *Piñero*, 68 P.R.R. 565; *People* v. *Avilés*, 54 P.R.R. 257.

The judgments will be affirmed.

---

[2] Subdivision 15 of § 102 of the Law of Evidence provides: "15. That official duty has been regularly performed."