## STATE v. HARRY SIMON.[1]

May 22, 1925.

No. 24,636.

**Indictment for carrying concealed weapons.**
   1.  In an indictment under the statute forbidding the carrying of concealed weapons with intent to use against another person the name of such other person need not be given. The statute is directed against the carrying of a concealed weapon with intent to use against others though the particular ones are not then identified in the mind of the accused.

**Burden of proof of intent upon state—charge tending to confuse jury.**
   2.  The statute makes the carrying of a weapon concealed presumptive evidence of an intent to use against another; but the burden of proving the intent is upon the state and the presumption declared by the statute is not controlling nor conclusive. The charge was erroneous as indicating a shifting of the burden and as tending to confuse the jury.

   1.  See Weapons, 40 Cyc. p. 866.
   2.  See Criminal Law, 16 C. J. p. 987, § 2394.

Defendant was indicted by the grand jury of Blue Earth county charged with the crime of carrying concealed upon his person a dangerous weapon, tried in the district court for that county before Comstock, J., and a jury which found him guilty as charged in the indictment. Defendant appealed. Reversed.

*Hiram Goff* and *L. D. Keogan*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Frank E. Morse*, County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of carrying concealed weapons with intent to use against another and appeals from the judgment.

[1]Reported in 203 N. W. 989.

1. The statute provides that any person "who shall attempt to use against another, or with intent so to use, shall carry, conceal or possess * * * any dagger, dirk, knife, pistol, or other dangerous weapon, shall be guilty of a gross misdemeanor." G. S. 1923, § 10255.

The indictment charges the defendant with the carrying of a pistol concealed with intent "to use the same against another person," not naming him. The defendant urges that the indictment is defective for failing to name the one against whom it was intended to use the weapon. A purpose of the statute is to punish and prevent the carrying of concealed weapons by evilly disposed persons with intent to use against others if occasion arises. The essence of the offense is the carrying with such intent. The offender may not have in mind a particular person or persons. So it is unnecessary, and often would be impossible, to name the person against whom it was intended to use them. Support of this construction is found in the fact that the statute is a part of the chapter dealing with crimes against public safety—not of the chapter dealing with crimes against the person; and from the provision, hereinafter noted, that the carrying shall be presumptive evidence of an intent to use—a provision not readily applicable if the intended use, to be criminal, must be against a particular person then in the mind of the accused.

2. The statute cited provides that the carrying of a weapon concealed "shall be presumptive evidence of carrying, concealing or possessing with intent to use the same."

The court, charged:

"If you shall find beyond a reasonable doubt that then and there at the time of his arrest the defendant was carrying such weapon concealed upon his person then you shall adopt the rule of law which requires you to presume that thereby and therefore, if so carried by him, it was intended to be used against another."

In the immediate connection the court charged that this legal evidence of intent might be overcome.

That the statute might cast the burden of proof upon the defendant may be conceded. 2 Wigmore, Ev. (2d ed.) § 1356; Yee Hem

v. U. S. 268 U. S. 178, 45 Sup. Ct. 470, 69 L. ed. 540. We conceive that the statute did not so intend. A statute is found in some of the states providing that the payment of a United States special tax as a liquor seller shall be prima facie evidence that the one paying the tax was a common seller of intoxicating liquor. In considering such a statute in State v. Intoxicating Liquors, 80 Me. 57, 60, 12 Atl. 794, the court said:

"What is the meaning of this provision? Does it impose upon the court the duty of instructing the jury, as a matter of law, that proof of such payment will make it their duty to find the defendant guilty, whether they believe him to be so or not? It is a sufficient answer to say that a jury cannot be so instructed in any criminal case. The right of trial by jury is guaranteed by the Constitution, and it is not within the province of the legislature to enact a law which will destroy or materially impair the right. * * *

"We have many similar statutes, in some of which the words used are '*prima facie* evidence' and in others the words are '*presumptive* evidence'. We cannot doubt that these phrases are intended to convey the same idea. * * *

"They mean that such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does, in fact, satisfy them of his guilt beyond a reasonable doubt, and not otherwise."

In State v. Momberg, 14 N. D. 291, 292, 103 N. W. 566, the following charge was held erroneous:

"By prima facie evidence is meant evidence which you must receive as conclusive, unless the same is explained by the defendants by other evidence produced before you in the case."

The charge in the case at bar substantially shifted to the defendant, when the state showed possession, the burden of negativing an intent to use. This was error. The burden on submission to the jury was on the state to establish the intent essential to the crime. The jury need not believe that there was an intent to use against another, because of the presumption stated in the statute, unless upon the whole it believes the fact to be so. It is true that else-

where in the charge the law was correctly and concisely stated; but the effect of the language quoted was not so obviated that it can be held without prejudice.

The suggestion that the weapon was carried for self-defense is obviously unsupported. We say nothing as to the right to carry a weapon for self-defense.

Judgment reversed.