HAWTHORNE, Justice.
 

 Defendant, Robert Nix, charged in a bill of indictment with the crime of negligent homicide, has appealed to this court from his conviction of that offense and his sentence to serve one year in the penitentiary.
 

 During the course of the trial in the lower court, four bills of exception were reserved.
 

 Bill of Exception No. 1.
 

 Bill of Exception No. 1 was reserved to the overruling by the district court of defendant’s motion to quash the indictment. In this motion defendant contends that Article 32 of the Louisiana Criminal Code, Act No. 43 of 1942, is unconstitutional in that its provisions violate the due process of law clause of Article I, Section 2, of the Louisiana Constitution, and the due
 
 *870
 
 process of law clause of- the Fourteenth Amendment to the Constitution of the United States, particularly in that it provides that the violation of any statute or ordinance shall be presumptive evidence of criminal negligence.
 

 The trial judge held Paragraph 2 of Article 32, which provides that the violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence, to be unconstitutional and in violation of the due process clause of both the state and Federal Constitutions, because, in his opinion, the presumption mentioned therein is not a rebuttable one but an absolute presumption. However, he concluded that, as this paragraph could be deleted from the article without destroying the denunciation of the crime of negligent homicide and the penalty clause thereof, under the separability clause of the Code, Article 144, the remainder of the article is a constitutional enactment, and for this reason he overruled the motion to quash.
 

 Article 32 of the Code defines the crime of negligent homicide as follows:
 

 “Negligent homicide is the killing of a human being by criminal negligence.
 

 “The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.
 

 “Whoever commits the crime of negligent homicide shall be imprisoned, with or without hard labor, for not more than five years.”
 

 As pointed out by the drafters of the Criminal Code under comments to Article 32, the Supreme Court of Louisiana in State v. Wilbanks, 1929, 168 La. 861, 123 So. 600, 601, held that the violation of a safety statute was criminal negligence. In that case defendant was charged with, and convicted of, the crime of' manslaughter growing out of the death of Miss Una Pittman. At the time the deceased met her death, defendant, who was driving an automobile on a highway in the nighttime without any lights, crashed into an approaching horse-drawn vehicle in which the deceased was riding. . One of the defenses to the charge was that the operation of the automobile without lights was not such gross negligence as to make the killing a felonious homicide. This court in affirming’the conviction said:
 

 “We conclude, and we do not think the question open to controversy, that where a person operates his automobile at night upon the public highways or streets without lights in violation of a penal statute he is guilty of culpable and criminal negligence, and if another person is killed as the result of such culpable and criminal negligence the driver of the automobile will be guilty of manslaughter.
 

 ******
 

 “It is not necessary here to consider the distinction between gross negligence and
 
 *872
 
 negligence from mere omission of some duty. The statute imposes a penalty for operating an automobile at night without lights, and its violation amounts to something more than simple negligence arising from some act of mere omission of duty.
 

 “The act of violation is within and of itself criminal and culpable negligence.”
 
 (All italics ours.)
 

 The Legislature, by providing in Article 32 that the violation of a statute' or ordinance shall be considered
 
 only as presumptive evidence
 
 of such negligence, refused
 
 to
 
 recognize or follow the holding of this court in' the Wilbanks case that the violation of an ordinance or a statute is within and of itself criminal and culpable negligence. This provision in Article 32 was inserted to protect the defendant from the rule that violation of a statute is criminal negligence per se, as held in the Wilbanks case.
 

 The use of the word “only” in Article 32 indicates that the presumption is merely a rebuttable one and not conclusive, and has the sole effect of shifting the burden of producing evidence during the progress of the trial. By this presumption the accused is not deprived of his right to take the stand and testify in his own behalf to show that he was frée from criminal negligence, and he is not compelled so to testify. This statute does not change the rule as to the presumption of • innocence or place any affirmative burden lipón the accused, for, upon the conclusion of the trial and after all evidence has been adduced, the State must have proved beyond a reasonable doubt that the defendant was guilty of the crime charged, that is, that the defendant was criminally negligent and that such negligence was the cause of the killing.
 

 It is to be noted that the presumption is one of criminal negligence, an element of the crime of negligent homicide, and. is not a prima facie presumption of guilt of such crime.
 

 In dealing with such presumptions Wig-more gives the rule as follows:
 

 “A rule of presumption is simply a rule changing one of the burdens of proof, i.e. declaring that the main fact will be inferred or assumed from some other fact until evidence to the contrary is introduced. * * * There is , not the least doubt, on principle, that the Legislature has entire control over such rules, as it has (when not infringing the Judiciary’s prerogative) over all other rules of procedure in general and Evidence in particular * * * —subject only to the limitations of the rules of Evidence expressly enshrined in the Constitution. If the Legislature can abolish the rules of disqualification of witnesses and grant the rule of discovery from an opponent, it can shift the burden of producing evidence.” 4 Wig-more on Evidence (3d Ed.), Section 1356, page 724.
 

 
 *874
 
 Another authority gives the rule as follows :
 

 “In a number of states, statutes have been enacted declaring that certain facts shall be presumptive evidence of guilt, or that the prosecution, in the first instance, is not required to prove the absence of justification, or that, on a prima facie case being established, the burden of proof of circumstances of mitigation or excuse devolves upon the accused. These matters are generally held to be a rightful exercise of legislative power, and when confined to matters of procedure, or to declaring that certain facts shall be presumptive evidence of an ultimate fact, they are upheld; but where such statutes attempt to change the rule as to the presumption of innocence, or to declare that certain conduct, innocent in itself, shall constitute evidence of a crime, or to place an affirmative burden upon the accused, they are generally held unconstitutional. * * *” 1 Wharton’s Criminal Evidence (11th Ed.), Section 207, page 227.
 

 We take these rules, when considered with the presumption in Article 32, to mean simply that during the course of the trial the burden of producing evidence may shift to the accused only on one phase of the case, that is, criminal negligence, but, notwithstanding this fact, during the entire progress of the trial he is clothed with the presumption of innocence, and the State must prove beyond a reasonable doubt every element of the crime charged, that is, the homicide, criminal negligence on the part of defendant, and the fact that such criminal negligence was the cause of the homicide.
 

 The presumption provided in this statute does not in any way destroy the presumption of innocence. For example, in a negligent homicide case, if the State makes proof of the violation of a statute or ordinance, the defendant may choose not to take the stand, and refuse to introduce any evidence whatsoever in his own behalf, relying solely on his presumption of innocence, and at the end of the trial the jury should acquit the defendant, and it is their sworn duty to do so, if the State has not proved to their satisfaction his guilt beyond a reasonable doubt.
 

 The defendant contends in this case that the presumptive clause does not make clear what statute or ordinance is intended by it. We take this contention to mean that the presumptive clause would have the effect of creating a presumption of criminal negligence in the case of a death as a result of an automobile accident if the State should show the violation of some statute or ordinance that was in no way connected with the facts constituting the offense charged, such as having no tail light in a head-on collision, or carrying a concealed dangerous weapon on one’s person. In our opinion the trial judge should never permit the State to introduce proof of violation of a statute or ordinance that is in no way connected with the . facts causing
 
 *876
 
 death, and the introduction of such proof might constitute reversible error, but we concede that proof of the violation of statutes or ordinances such as those given above as illustrations, if admitted, would create a presumption of criminal negligence under Article 32. We do not, however, concede that the presumption is conclusive or unrebuttable. Further, the introduction of such evidence may create the presumption of criminal negligence; nevertheless the State must prove beyond a reasonable doubt that the criminal negligence is the cause of the homicide or killing. On failure by the State to make such proof, under the charge of the court dealing with the presumption of innocence, the jury must acquit.
 

 It is quite true that, if proof of violation of a statute or ordinance under Article 32, instead of creating a presumption of only one element of the crime of negligent homicide, that is, criminal negligence, had created a presumption of guilt of the crime charged, there would be some merit in counsel’s contention for the reason that, from a defendant’s violation of any statute or ordinance, it would not necessarily follow that he would be guilty of negligent homicide, and in that case the question would arise as to whether there is a rational connection between violating an ordinance or statute and guilt of'negligent homicide. See State v. Elkin, 177 La. 427,
 
 148
 
 So. 668. However, that question does not arise in this case.
 

 Bill of Exception No. 2.
 

 Bill of Exception No. 2 was taken to the overruling of an objection made by counsel for the accused to a question asked a State’s witness, that is: “Did you smell the defendant’s breath?” This objection was overruled, and the witness answered: “It smelled like whiskey, beer, or wine. I could not tell which.”
 

 Counsel objected to the question for the reason that defendant was on trial for the crime of negligent homicide and not for driving a vehicle while drunk, and that, if the answer to the question were that the defendant’s breath gave the odor of liquor or whiskey, it would operate to the prejudice of the defendant by creating the impression that he was guilty of driving an automobile while under the influence of intoxicants, which is a separate offense and not the crime for which defendant was on trial.
 

 We think that the trial judge properly overruled the objection and permitted the witness to answer the question, and counsel for defendant cite no authority in support of their contention that the ruling of the lower court was in error.
 

 This bill shows that the trial judge was of the opinion that evidence as to whether defendant had been drinking or not was a matter for the jury to weigh for the purpose of determining the condition of the accused at the time of the collision-in order to arrive at a verdict under the crime
 
 *878
 
 •charged, and for this purpose we think the •evidence was admissible.
 

 Bill of Exception No. 3.
 

 Bill No. 3 was taken to the overruling hy the lower court of a motion in arrest of j udgment.
 

 In this motion defendant urges that Article 32 of the Criminal Code, under which the indictment was found, is
 
 unconstitutional in toto
 
 because it violates the due process of law clauses of the United States Constitution and the Constitution of this state in that it provides that the violation of any statute or ordinance shall be presumptive evidence of criminal negligence. Since we have concluded under the contention made by defendant in Bill No. 1 that this provision does not render the article unconstitutional for the reasons urged by defendant, no further discussion of this contention is necessary.
 

 The other ground urged in the motion in arrest of judgment is that Article 32 is unconstitutional and violates the due process clause of both the state and Federal Constitutions because it does not with certainty define and set forth what acts would be considered criminal thereunder, but on the contrary this article gives to the jury the legislative function of defining what acts, if any, are criminal.
 

 We do not think there is any merit in this contention, for in our opinion Article 32 defines the crime of negligent homicide with certainty, and defines and sets forth thérein what act is to be considered criminal, that is, the killing of a human being by criminal negligence, criminal negligence being fully defined in the Code itself under the provisions of Article 12.
 

 The Legislature having defined criminal negligence as it had a right to do, the courts are bound by this definition, for, under the definition as given, there was no delegation to the jury of the legislative function of defining what acts are criminal under Article 32.
 

 In discussing the definition of criminal negligence as set out in the Code, this court has said:
 

 “The definition of ‘criminal negligence’ as contained in Article 12 of the Criminal Code * * * is a simple statement of the generally accepted meaning of the term, as pointed out by Dale E. Bennett, Acting Dean and Assistant Professor of Law of Louisiana State University Law School, and one of the reporters of the Law Institute who did the preliminary drafting of the Criminal Code and the comments thereto, in his article, ‘A Comparison with Prior Criminal Law,’ published in 5 Louisiana Law Review at page 11: ‘The definition of “Criminal Negligence” in Article 12 of the Criminal Code, as requiring “a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances” is in accord with the usual conception of the term. It calls for substantially more than the ordinary lack of care which may be the
 
 *880
 
 basis of tort liability, and furnishes a more explicit statement of that lack of care which has been variously characterized in criminal statutes as “gross negligence” and “recklessness”. ’ ” State v. Hall, 209 La. 950, 956, 25 So.2d 908, 910.
 

 Since we have found that this article, considered in connection with provisions of Article 12 defining criminal negligence, defines the crime of negligent homicide with certainty and sets forth what acts are to be considered criminal thereunder and therefore does not delegate a legislative function to the jury, we are of the opinion that the contention here urged by defendant has no merit.
 

 In his motion in arrest of judgment defendant also contends, in the alternative, that, in the event the court should hold that the article of the Code is constitutional, the motion should be sustained for the reasons (1) that the lower court decreed the presumptive clause of Article 32 to be unconstitutional but in the charge to the jury failed to inform them that this article was unconstitutional in part, and that by reason thereof defendant was tried and convicted under a statute which in part had been declared unconstitutional by the lower court, and (2) that the indictment under which defendant was convicted did not charge any crime known to the laws of the State of Louisiana.
 

 With reference to the first alternative plea, the record does not disclose that the defendant objected to the general charge or requested any special charge, nor is the general charge itself in the record, and, in view of his failure to object or make such a request and perfect a bill relative thereto, this contention presents nothing to us for review. The following statement of the trial judge shows that his holding was correct:
 

 “Under paragraph 1 of the alternative plea, the facts are that no reference was made to the jury, either by the testimony of the witnesses or in argument by counsel, to the section of Art. 32 which this Court declared unconstitutional as shown by ruling on Bill No. 1 and for that reason, and the failure of the defendant to request a charge on the section of which he complains, the Court considers that the failure to make the described charge was of no consequence and did not operate to harm, injure or prejudice the defendant.”
 

 The second alternative plea apparently has been abandoned since counsel did not urge this plea in oral argument before this court or mention it in brief filed here, and of course no authorities are cited to this court in support of it. With reference to this alternative plea the trial judge said:
 

 “Under paragraph 2 of the alternative pleas, ,the simplified form of the indictment used by the District Attorney in this case is authorized by Act No. 223 of 1944, and subsequently was approved by the Supreme Court, hence, this section of the motion was denied.”
 

 
 *882
 
 We find no error in his ruling. See Article 235, Louisiana Code of Criminal Procedure, and State v. Ward, 208 La. 56, 22 So.2d 740.
 

 Bill of Exception No. 4.
 

 Defendant filed a motion for a new trial on the ground that his conviction and sentence were contrary to the law and the evidence. This motion was overruled, and Bill No. 4 was reserved.
 

 It is so well settled that citation of authority is unnecessary that a motion for a. new trial predicated solely on this ground presents nothing for review.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 FOURNET, J., concurs in the decree.
 

 O’NIELL, C. J., concurs in the decree and assigns reasons.