THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT ACKALITIS, Relator, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.

Supreme Court, Special Term, Cayuga County, July 21, 1948.

*Albert Ackalitis,* relator in person.

*Frank Peraski, amicus curiæ.*

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr.,* of counsel), for defendant.

WARNER, J. The relator herein, Albert Ackalitis, with others, among whom was one Joseph Murphy, was convicted in the Court of General Sessions of the County of New York, upon an indictment charging said relator, and others, with feloniously possessing a machine gun in violation of subdivision 1-a of section 1897 of the Penal Law of the State of New York. He was sentenced to imprisonment in State prison for a term not less than seven years nor more than fourteen years.

Relator appealed from said judgment of conviction and sentence to the Appellate Division of the Supreme Court of the State of New York, First Department; said judgment of conviction was affirmed by said appellate court, without opinion (*sub nom. People* v. *Murphy,* 250 App. Div. 706); thereafter said relator appealed to the Court of Appeals of the State of New York from the judgment of said Appellate Division; said Court of Appeals affirmed the judgment of said Appellate Division without opinion (276 N. Y. 612).

That the afore-mentioned indictment alleges: " The said defendants, in the County of New York aforesaid, on the 16th day of March, Nineteen hundred and thirty-six, feloniously did have in their possession a certain machine gun, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

That the aforesaid subdivision 1-a of section 1897 of the Penal Law, so far as here applicable, reads as follows: " A machine-gun is a weapon of any description, irrespective of size, by whatever name known, loaded or unloaded, from which a number of shots or bullets may be rapidly or automatically discharged from a magazine with one continuous pull of the trigger and includes a sub-machine gun. A person who possesses or uses such machine-gun is guilty of a felony. The presence of such machine-gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine-gun is found."

It appears that on March 16, 1936, the police raided the premises No. 322 West 90th Street, Manhattan, New York City. Four machine guns were found in a locked safe in said premises. The relator was in the building on the aforesaid premises at the time of the said raid and discovery of the machine gun.

Relator claims that the statute with the violation of which he was charged, and under and pursuant to which he was indicted, tried, convicted and sentenced is unconstitutional as being violative of the Fourteenth Amendment to the Constitution of the United States and constitutes a denial of due process of law; and that the judgment of conviction and sentence, under which he is held, are wholly invalid, null and void. He urges that said statute is unreasonable, arbitrary and oppressive and that, contrary to the law of the land, it attaches to an accused, in the first instance, a presumption of guilt instead of a presumption of innocence until guilt has been established beyond a reasonable doubt.

In testing the validity of relator's said claim, consideration is properly to be given to the case of *People* v. *Cannon* (139 N. Y. 32, 43-44) where it is said:

"It cannot be disputed that the courts of this and other states are committed to the general principle that even in criminal prosecutions the legislature may with some limitations enact that when certain facts have been proved they shall be *prima facie* evidence of the existence of the main fact in question. * * * The limitations are that the fact upon which the presumption is to rest must have some fair relation to, or natural connection with the main fact. The inference of the existence of the main fact because of the existence of the fact actually proved, must not be merely and purely arbitrary, or wholly unreasonable, unnatural or extraordinary, and the accused must have in each case a fair opportunity to make his defense, and to submit the whole case to the jury, to be decided by it after it has weighed all the evidence and given such weight to the presumption as to it shall seem proper. A provision of this kind does not take away or impair the right of trial by jury. It does not in reality and finally change the burden of proof. The people must at all times sustain the burden of proving the guilt of the accused beyond a reasonable doubt. It, in substance, enacts that, certain facts being proved, the jury may regard them, if believed, as sufficient to convict, in the absence of explanation or contradiction. Even in that case, the court could not legally direct a conviction. It cannot do so in any

criminal case. That is solely for the jury, and it could have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, even though the statutory *prima facie* evidence were uncontradicted. The case of *Commonwealth* v. *Williams* (6 Gray, 1) supports this view.

" Without the aid of the statute, the presumption provided for therein might not arise from the facts proved, although the statute says they shall be sufficient to authorize such presumption. The legislature has the power to make these facts sufficient to authorize the presumption (*State* v. *Mellor,* 13 R. I. at 669), and the jury has the power, in the absence of all other evidence, to base its verdict thereon, if satisfied that the defendant is guilty. But the jury must in all cases be satisfied of guilt beyond a reasonable doubt, and the enactment in regard to the presumption merely permits, but cannot in effect direct the jury to convict under any circumstances."

To state it succinctly the matter of the sufficiency of the proof is for the trial court. Nor is the accused compelled to take the witness stand as alleged in his petition since the jury, as is stated above in the excerpt from the *Cannon* case (*supra,* pp. 43–44) " could have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, *even though the statutory prima facie evidence were uncontradicted.*" (Emphasis mine.)

The relator herein has suggested to this court that there is no way by which it may be known whether the appellate courts of this State ruled on the constitutionality of subdivision 1-a of section 1897 of the Penal Law since the decisions on appeal were without opinion. With respect to this argument this court may say that it has taken occasion to examine the record of the Court of Appeals in the case of *People* v. *Murphy* (276 N. Y. 612) and find it there disclosed that in both the briefs for the appellants and respondents to the Court of Appeals the constitutionality of the statute in question was briefed and argued on both sides. It seems therefore that the Court of Appeals has passed upon the due process question adversely to the relator herein.

However, conceding for the moment that the question of due process was not passed upon by the Court of Appeals in the aforesaid appeal taken to it, it yet remains that habeas corpus is not properly available to the relator with respect to due process since it is held in *Matter of Morhous* v. *Supreme Court of State of N. Y.* (293 N. Y. 131) to the effect that controverted

questions of fact whether one imprisoned pursuant to a judgment is deprived of his liberty without due process in violation of the Fourteenth Amendment of the Constitution of the United States can be determined by a motion to vacate the judgment made in the court which granted it. The Supreme Court of the State of New York has not jurisdiction to determine that question upon a writ of habeas corpus.

Writ dismissed. Let order .enter accordingly.