MATTER OF S——

## In DEPORTATION Proceedings

### A-10891495

*Decided by Board May 22, 1959*

**Crime involving moral turpitude—Carrying concealed and deadly weapon with intent to use against the person of another, Minnesota.**

Carrying a concealed and deadly weapon with intent to use against the person of another in violation of section 616.41, Minnesota Statutes (Annotated—1957), is a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude committed within 5 years after entry and sentenced to confinement for a year or more, *viz.*, carrying concealed weapon (Minnesota).

### BEFORE THE BOARD

**Discussion:** This case is before us by certification. The respondent is a 19-year-old unmarried male alien, a native of the Ukraine (Soviet Union) alleged to be stateless, who last entered the United States on April 6, 1957. Following expulsion hearing, a special inquiry officer on March 10, 1959, rendered an oral decision in which he directed deportation on the charge in the order to show cause. Subsequently, upon further consideration of the pertinent issue of deportability, he prepared a decision on March 30, 1959, in which all of the pertinent points relating to the grounds for deportation have been carefully and thoroughly discussed. It has been decided that the allegations in the order to show cause are established by documentary evidence in the record and the pertinent law applicable thereto. The case has been certified to the Board for review. The question of deportability is the only issue before us.

Deportability is predicated on documentary evidence which shows that the respondent pleaded guilty to a criminal charge (an information) on October 28, 1958, which set forth that he had committed the crime, carrying a concealed weapon, in violation of section 616.41, Minnesota Statutes (Annotated—1957), (committed on or about October 20, 1958) in the City of Minneapolis, Hennepin County, Minnesota. The pertinent charge reads:

344

* * * then and there being, did willfully, unlawfully, wrongfully and knowingly carry, conceal and have in his possession and on his person, with intent to use against the person of one J——C——C——, a certain dangerous weapon, to wit: a .38 caliber pistol commonly called a revolver, a more particular description of said revolver being to me unknown, said revolver being then and there loaded with gunpowder and leaden bullets, the said V——S—— not then and there being a public officer * * *.

Respondent was convicted in District Court, Fourth Judicial District, Hennepin County, Minnesota, and sentenced on December 3, 1958, for the term of one year, "Defendant to be paroled after serving 6 months with 41 days time off for time served in County Jail."

Although the case is submitted without argument or brief, the respondent challenges the finding that he has been sentenced to a term of "one-year or more" within the meaning of section 241(a)(4) of the Immigration and Nationality Act.[1]

The applicable provision of law in the Minnesota Statutes (Annotated), defining and specifying the elements of the crime committed by the respondent, and the statute under which he was convicted, is section 616.41 entitled "Deadly weapons" which reads as follows:

Every person who shall manufacture, or cause to be manufactured, sell, keep for sale, offer, or dispose of, any instrument or weapon of the kind usually known as a slung-shot, sandclub, or metal knuckles; or who shall attempt to use against another, or with intent so to use, shall carry, conceal, or possess, any of the weapons hereinbefore specified, or any dagger, dirk, knife, pistol, or other dangerous weapon, shall be guilty of a gross misdemeanor. The possession by any person, other than a public officer, of any such weapon concealed or furtively carried on the person shall be presumptive evidence of carrying, concealing, or possessing with intent to use the same.

The punishment or penalty for crimes committed in violation of the aforementioned statute (gross misdemeanors), is set forth in section 610.20 of the Minnesota Statutes (Annotated), which reads:

Whoever shall be convicted of a gross misdemeanor for which no punishment is prescribed by any statute in force at the time of conviction and sentence shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than $1,000.

First, we will briefly review the elements of the offense herein involved and considered whether such crime is one having the elements of moral turpitude. In other words, we will determine by review whether there is a basis for action other than that which has been taken by the special inquiry officer.

Concisely, the overt acts that are the basis for the alien's conviction are contained in the information to which the respondent en-

---

[1] SEC. 241. (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who— * * *

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more * * *.

562713—61——24

tered a plea of guilty. These acts were that he willfully, unlawfully, wrongfully and knowingly did carry on his person, conceal and have in his possession and on his person, a certain dangerous weapon, a loaded revolver, with intent to use the weapon against the person of another. It is essential to know the specific kind of weapon used in the concealment and possession of a weapon with intent to use it, or attempt to use the weapon against the person of another, in order to determine whether it is dangerous (*Matter of B——*, 1 I. & N. Dec. 52).

The weapon in the instant case was a revolver, loaded, which has been held to be a dangerous weapon; and the shooting of a person has been held to be a crime involving moral turpitude (*United States ex rel. Morlacci* v. *Smith*, 8 F.2d 663). Nor can it be disputed that the use of a dangerous weapon against the person of another is motivated by an evil, base, and vicious intent. The essence of the offense is the carrying of the dangerous weapon with a base, evil and vicious intent to injure another (*State* v. *Simon*, 163 Minn. 317). The intent to commit an offense having the elements of moral turpitude has the same elements as the offense (*United States ex rel. Meyer* v. *Day*, 54 F.2d 336). The special inquiry officer, after thorough consideration of the issue, has reached the conclusion that carrying a concealed weapon with intent to use it against the person of another is a crime involving moral turpitude. We concur in that decision.

The sentence of the respondent to imprisonment for the term of one year satisfies the provisions of section 241(a)(4) of the Immigration and Nationality Act. The sentence is measured by the possible maximum time the alien is liable to serve.[2] The maximum time this respondent was given to serve was a term of one year.

Respondent has complained that he was not represented by counsel at the time of his appearance and arraignment before the State Court in the criminal trial. While the matter of legal representation at the time of court trial and conviction is not a matter for our consideration, we observe that the court record shows the respondent did have legal representation.

In view of the foregoing findings and conclusions, and our review of the record in the case, the decision of the special inquiry officer will be affirmed. The respondent may be able to apply for an executive pardon to relieve him from deportation.

**Order:** It is ordered that the decision of the special inquiry officer be affirmed.

---

[2] *Matter of R——*, 1 I. & N. Dec. 209, 211; and *Matter of B——*, 2 I. & N. Dec. 578.