## STATE v. MARTIN EDWARDS.

130 N. W. (2d) 623.

September 25, 1964—No. 39,024.

*Smith, McLean, Peterson & Sullivan,* for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *Charles C. Johnson,* County Attorney, for respondent.

Murphy, Justice.

This is an appeal from the denial of a motion for a verdict of not guilty notwithstanding the verdict or for a new trial, after conviction of possession of burglars' tools in violation of Minn. St. 621.13. Numerous errors are assigned, the principal one of which is that the trial court erred in instructing the jury that possession of burglarious tools gave rise to a presumption of intent to use them in the commission of a crime.

From the record it appears that in the early morning hours of July 12, 1961, four members of the Mankato police force responded to a

burglar alarm connected to the premises of Spence-McCord Drug Company. After finding the doors locked, the police called for additional assistance and notified the plant manager. Some 15 or 20 minutes after the alarm, one of the officers saw the shadow of a man between two buildings behind the Spence-McCord premises. The man fled, but was quickly apprehended. He was later identified as the defendant, Martin Edwards. There was taken from his possession a loaded .38-caliber pistol and a two-way radio. Nearby there was found a pair of gloves and a flashlight. Just prior to apprehension, defendant was observed to have a gun in his hand and was heard to say into the two-way radio, "Stay where you are, I am trapped."

After defendant's apprehension the police were admitted to the drugstore by its manager. They found that a wall of the narcotics vault had been damaged and one of the alarm wires in the wall broken. An inside lock on the back door was broken and there were pry marks on the outside of the front door. The police also found a two-way radio identical in make and appearance to that found in defendant's possession, and with a serial number only four digits removed from that of defendant's radio. Transmission from defendant's radio was heard on the radio found in the building. The police also found a punch, sledge hammer, crowbar, and a flashlight identical in make and appearance to that found at the scene of defendant's apprehension.

Defendant was charged by information with possession of burglars' tools in violation of § 621.13, which provides:

"Every person who shall make or mend, or cause to be made or mended, or have in his possession, in the day or night-time, any engine, machine, tool, false key, picklock, bit, nippers, implement, or explosive adapted, designed, or commonly used for the commission of burglary, larceny, or other crime, under circumstances evincing an intent to use or employ, or allow the same to be used or employed, in the commission of a crime, or knowing that the same is intended to be so used, shall be guilty of a felony. The having in possession any such engine, machine, tool, false key, picklock, bit, nippers, im-

plement, or explosive shall be prima facie evidence of an intent to so use or employ the same in the commission of a crime."[1]

We pass those assignments of error which we think are without substance to reach the determinative issue which relates to the asserted error of the trial court in his instructions to the jury. After the state rested, the case was submitted to the jury. Defendant had not taken the stand. In instructing the jury the trial court read § 621.13, including the provision stating that possession of tools or implements generally covered by the statute "shall be prima facie evidence of an intent to use or employ the same in the commission of a crime." The trial court then went on to say:

"Prima facie, as used in this law or statute, means at first sight or in the first instance, or, it is presumed to be true unless disproved by some evidence to the contrary. You will consider prima facie evidence together with all other evidence in the case in arriving at your verdict."

The trial court went on to explain to the jury the distinction between an inference and a presumption and emphasized the mandatory effect of a presumption, stating:

"I have referred to inference and to presumption. An inference is a deduction or conclusion which the jury may draw from the facts which have been proved. A presumption is an inference which the law requires the jury to make from particular facts in the absence of convincing evidence to the contrary. A presumption continues in effect until overcome or outweighed by evidence to the contrary, but, unless so outweighed, the jury is bound to find in accordance with the presumption."

Defendant asserts error on the basis of denial of due process in

---

[1]As of September 1, 1963, this provision has been replaced by § 609.59 of the Criminal Code of 1963, L. 1963, c. 753, which reads as follows: "Whoever has in his possession any device, explosive, or other instrumentality with intent to use or permit the use of the same to commit burglary may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $3,000, or both."

346

that the effect of these instructions was to reverse the presumption of innocence and authorize a presumption of guilt from the omission of defendant to testify. There is little doubt that the legislature has the power in civil cases to establish a rule of law relating to presumptive evidence that is essentially a regulation of the burden of proof.[2] But it cannot safely be said that the legislature has the power to establish a valid presumption in a criminal case. It is true under Federal authorities that such presumptions have been approved by Tot v. United States, 319 U. S. 463, 63 S. Ct. 1241, 87 L. ed. 1519, and Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. ed. 904, which hold that it is not in violation of due process under the Fifth and Fourteenth Amendments for Congress to make proof of one fact or group of facts evidence of the existence of ultimate facts upon which guilt of a crime is predicated, so long as there exists a rational connection between the facts proved and the ultimate facts presumed. The term "rational connection" has many shadings and is not easy to apply.[3] The term is discussed in the Minnesota decision

---

[2]The subject of the use of presumptions in civil and criminal cases is exhaustively treated in TePoel v. Larson, 236 Minn. 482, 53 N. W. (2d) 468; State v. Higgin, 257 Minn. 46, 99 N. W. (2d) 902; and Barrett v. United States (5 Cir.) 322 F. (2d) 292.

[3]The following cases hold that a presumption may be constitutionally applied: Greene v. United States, 105 App. D. C. 334, 266 F. (2d) 932 (concealment and sale of narcotic drug); White v. United States (9 Cir.) 315 F. (2d) 113 (possession of narcotics); Davis v. United States, 107 App. D. C. 76, 274 F. (2d) 585 (gambling); Burnette v. Commonwealth, 194 Va. 785, 75 S. E. (2d) 482 (possession of burglary tools); Nance v. Commonwealth, 203 Va. 428, 124 S. E. (2d) 900 (burglary tools); Ciccarelli v. People, 147 Colo. 413, 364 P. (2d) 368 (burglary); Ex parte Seyfried, 74 Idaho 467, 264 P. (2d) 685 (burglary); People v. Cloward, 196 Cal. App. (2d) 669, 16 Cal. Rptr. 772 (auto theft); State v. Nix, 211 La. 865, 31 So. (2d) 1, certiorari denied, 332 U. S. 791, 68 S. Ct. 100, 92 L. ed. 373 (negligent homicide); Johnson v. State, 203 Ga. 147, 45 S. E. (2d) 616 (embezzlement); State v. Campbell, 70 Idaho 408, 219 P. (2d) 956 (bad check); People ex rel. Ackalitis v. Foster, 193 Misc. 634, 83 N. Y. S. (2d) 898 (possession of machine gun); People v. Bellfield, 11 N. Y. (2d) 947, 228 N. Y. S. (2d) 830, 183 N. E. (2d) 230 (possession of hypodermic needle and syringe); Griggs v. State, 37 Ala. App. 605, 73 So. (2d) 382

of State v. Kelly, 218 Minn. 247, 15 N. W. (2d) 554, 162 A. L. R. 477. It has given rise to a great deal of legal writing and its application has varied widely in the innumerable decisions since the Tot case.

In the recent decision of Barrett v. United States (5 Cir.) 322 F. (2d) 292, the court held that the statute creating a presumption of the defendants' possession of a still and carrying on the business of a distiller predicated upon the unexplained presence of defendants at the site of an unregistered still was unconstitutional. In that case the court referred to Mr. Justice Holmes' statement in McFarland v. American Sugar Refining Co. 241 U. S. 79, 86, 36 S. Ct. 498, 501, 60 L. ed. 899, 904, to the effect that "it is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime," and pointed out (322 F. [2d] 296) that the government has both the burden of proof and the burden of persuasion and that "[a] statute which shifts either one or both of these burdens to an accused is difficult to reconcile with our hard-earned heritage of

---

(operating a lottery); State v. Protokowicz, 55 N. J. Super. 598, 151 A. (2d) 396 (driving while intoxicated); Dooley v. Commonwealth, 198 Va. 32, 92 S. E. (2d) 348 (speeding).

The following cases hold that a presumption may *not* be constitutionally applied: State v. Kennedy, 15 Wis. (2d) 600, 113 N. W. (2d) 372 (burglary); United States v. Allegrucci (3 Cir.) 258 F. (2d) 70 (goods stolen in interstate commerce); People v. Stevenson, 58 Cal. (2d) 794, 26 Cal. Rptr. 297, 376 P. (2d) 297 (receiving stolen goods); Garcia v. People, 121 Colo. 130, 213 P. (2d) 387 (larceny); Thompson v. Wallin, 196 Misc. 686, 93 N. Y. S. (2d) 274 (membership in a subversive organization); People v. Lieber, 146 Cal. App. (2d) Supp. 910, 304 P. (2d) 869 (dispensing narcotics); Seattle v. Ross, 54 Wash. (2d) 655, 344 P. (2d) 216 (narcotics); State v. Birdsell, 235 La. 396, 104 So. (2d) 148, on rehearing (possession of hypodermic syringe and needle); People v. Gazulis, 29 Misc. (2d) 939, 212 N. Y. S. (2d) 910 (possession of gambling memorandum); Mott's Super Markets, Inc. v. Frassinelli, 148 Conn. 481, 172 A. (2d) 381 (unfair sales practices); People v. Hildebrandt, 308 N. Y. 397, 126 N. E. (2d) 377, 49 A. L. R. (2d) 449 (speeding); Erwing v. United States (9 Cir.) 323 F. (2d) 674 (possession of cocaine hydrochloride); Brumbelow v. United States (10 Cir.) 323 F. (2d) 703 (possession of heroin in glove compartment in defendant's automobile could not support conviction under statutory presumption).

fair trials." In discussing the "rational connection" test the court emphasized that the presumption must not be strained, but must be reasonably related to the fact proved as it tends to establish a defendant's guilt. From an examination of the Barrett case, which contains a comprehensive review of the authorities relating to the issue, it would appear that under the Federal interpretation of the "rational connection" test, such connection to be rational must be fairly certain. The court held that although there was sufficient evidence that the defendant Barrett was part owner of the still and was there "to make the first run," nevertheless his presence at the site would not support the presumption of possession. On the other hand, however, they agree that the court in Manning v. United States (5 Cir.) 274 F. (2d) 926, was correct in coming to a contrary result in a prosecution penalizing possession of marijuana where it was reasoned that there could be no other explanation than guilt consistent with the possession of that drug.

Although the "rational connection" test was discussed in the Kelly case, our court has consistently rejected the notion that presumptions of guilt should be permitted. We have always taken the position that an instruction as to presumption of law which directs the jury to draw inferences from a given set of facts should not be given in a criminal case. Our decisions have generally expressed the view that such presumptions in criminal statutes come into conflict not only with constitutional guaranties of due process, trial by jury, and protection against being compelled to testify, but also with such fundamental rights as presumption of innocence and proof beyond a reasonable doubt, which, though not expressly enumerated in the constitution, are as much a part thereof as though expressly set out. State v. Simon, 163 Minn. 317, 203 N. W. 989; State v. Kelly, *supra;* State v. Higgin, 257 Minn. 46, 99 N. W. (2d) 902; State v. Townsend, 259 Minn. 522, 108 N. W. (2d) 608; State v. Keaton, 258 Minn. 359, 104 N. W. (2d) 650, 86 A. L. R. (2d) 649.

To return to the precise issue before us, it may be said that if the court had omitted from its instructions that part of § 621.13 which authorizes the presumption and had also omitted the subsequent in-

structions emphasizing the effect of the presumption, the verdict could well be affirmed. Certainly there was circumstantial evidence of the character and use of the articles found in the possession of defendant which would characterize them as burglarious instruments and from which inferences of intent to use them in the commission of a crime might be drawn. But the fatal fault with the verdict lies in the instruction which required the jury in its determination to find in accordance with the presumption. Our decision must be controlled by State v. Higgin, *supra*. In that case defendant was charged with the offense of forgery in the second degree. The jury was instructed that "intent to defraud * * * may be presumed from the fact of affixing the signature of the payee to the check by the defendant, unless that presumption has been rebutted or overcome by the evidence which you have heard." In declaring that this instruction was reversible error, we said (257 Minn. 52, 99 N. W. [2d] 907):

"* * * where specific intent is an essential element of the offense charged, it can never be presumed, at least in the sense that it *must* be found from a given state of facts in the absence of countervailing or rebutting evidence. Like every other essential element of the crime, specific intent must be established beyond reasonable doubt or be reasonably deducible from the evidence. It may not rest on a presumption. As previously mentioned, intent to defraud may be, and normally is, inferred from the established circumstances. But no matter how uncontrovertible the evidence of the intent to defraud may be, the court may not declare that the evidence establishes such intent. Despite the use of the phrase 'may be presumed,' the instruction here expressly placed upon the defendant the burden of controverting the presumption and, in effect, withdrew from the jury consideration of the good faith of the defendant."

The Advisory Committee on Revision of the Criminal Law which reported to the legislature in 1963 was correctly of the view that the foregoing decision indicated that the clause contained in § 621.13 establishing possession as presumptive evidence of guilt was invalid. In adopting the 1963 code, the legislature accordingly omitted that clause from § 609.59, which was adopted in place of § 621.13. Accordingly,

we are required to hold, notwithstanding defendant's failure to make timely objection, that the instruction was in error.

It might be argued that the erroneous instruction could not be prejudicial, since the members of the jury in determining the issue of guilt or innocence would not be influenced by nice distinctions between presumptions which they were required to accept and inferences which they were permitted to accept in making their determination.[4] But, as was said in the Barrett case, it is not for an appellate court to determine the extent to which the jury relied upon the presumptions in returning its verdict or whether it believed all, part, or none of the evidence other than that establishing the facts upon which they were directed to return the verdict. We can only assume that the jurors were intelligent and practical people who took the court at its word and were guided by the plain language of the instruction.

Reversed and new trial granted.

---

[4]In State v. Keaton, 258 Minn. 359, 104 N. W. (2d) 650, 86 A. L. R. (2d) 649, we held that although instructions with reference to presumptions were erroneous, they were not under the circumstances of that case prejudicial and did not require a new trial. In that case the record included the testimony of the defendant, and the court's instruction carefully and exhaustively charged the jury as to the essential elements of the offense and placed special emphasis on the requirement of the prosecution to prove each essential element of the crime beyond a reasonable doubt. As in United States v. Goldstein (2 Cir.) 323 F. (2d) 753, the presumption was, in effect, either neutralized or eliminated by the court's charge.