**Felix Stroud HAMMONTREE**

v.

**C. Paul PHELPS, Director, Louisiana Department of Corrections.**

**Civ. A. No. 781494.**

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Dec. 29, 1978.

Joe J. Tritico, D. Michael Mooney, Lake Charles, La., for plaintiff.

Frank T. Salter, Jr., Dist. Atty. and Adam L. Ortego, Jr., Asst. Dist. Atty., Fourteenth Judicial Dist. Court, Calcasieu Parish, Lake Charles, La., for defendant.

VERON, District Judge:

## RULING

After a jury trial in the Fourteenth Judicial District Court, Parish of Calcasieu, Louisiana, the petitioner, Felix Stroud Hammontree, was convicted of negligent homicide in violation of Louisiana Revised Statutes 14:32. He was sentenced to five years hard labor in the custody of the Louisiana Department of Corrections and is presently in the respondent's custody serving that sentence. On appeal, the Louisiana Supreme Court affirmed his conviction. *State v. Hammontree,* No. 61853, 363 So.2d 1364 (La.1978), and subsequently denied his rehearing application. *State v. Hammontree,* No. 61853 (La. Nov. 9, 1978), —— So.2d ——. He has now filed in this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his present petition, petitioner contends that his conviction was obtained in violation of his federal constitutional rights. Specifically, petitioner argues that he was denied his Fourteenth Amendment right to due process of law because Louisiana's negligent homicide statute creates an unconstitutional criminal presumption that when a defendant violates a statute or ordinance he is presumed to be criminally negligent, thus allowing the State to secure a conviction without proving beyond a reasonable doubt every element of the crime in violation of *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Petitioner has exhausted his available state remedies with respect to the question as required by 28 U.S.C. § 2254(b). *See generally* 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 4264 (1978). The case has been submitted on briefs and the State court record. This meritorious habeas petition is a veritable needle in a haystack. [* * * "he who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search." *Brown v. Allen,* 344 U.S. 443, 537, 73 S.Ct. 397, 425, 97 L.Ed. 469 (1953) (Jackson, J., concurring).] This court is persuaded that petitioner's conviction must be set aside because of the State's employment of an unconstitutional statutory criminal presumption.

Louisiana Revised Statutes 14:32 provides:

> Negligent homicide is the killing of a human being by criminal negligence.
> *The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.*
> Whoever commits the crime of negligent homicide shall be imprisoned, with or without hard labor, for not more than five years.

(Emphasis supplied.) Criminal negligence is statutorily defined in Louisiana as follows:

> Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disre-

gard of the interest of others that the offender's conduct amounts to a *gross deviation* below the standard of care expected to be maintained by a reasonably careful man under like circumstances. La.R.S. 14:12 (emphasis added).

■ A true criminal presumption, as here, functions in a dual capacity. It operates as an inference of fact and as a rule of evidence that shifts the burden of producing evidence. *See generally* Comment, *Presumptions in the Criminal Law of Louisiana,* 52 Tul.L.Rev. 793 (1978). Criminal presumptions have been described as "a very potent means of conviction." Chamberlain, *Presumptions as First Aid to the District Attorney,* 14 A.B.A.J. 287, 288 (1928).

The requirement of proof beyond a reasonable doubt in criminal cases was afforded constitutional status by the United States Supreme Court in the case of *In re Winship,* supra, 397 U.S. at 364, 90 S.Ct. at 1073, which held that the "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." The Court reasoned that such a rule was necessitated both to protect the interest of the accused in avoiding incarceration and stigma, and also to command community respect and confidence in the moral force of the criminal law. The *Winship* holding reflects the "fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty

man go free." *Id.* at 372, 90 S.Ct. at 1077 (Harlan, J., concurring).

Louisiana jurisprudence announces that the crime of negligent homicide consists of three essential elements: 1) homicide 2) criminal negligence on the part of the defendant 3) the fact that such criminal negligence was the cause of the homicide. *State v. Nix,* 211 La. 865, 31 So.2d 1, 4 (1947). *Winship* makes clear that the State must prove beyond a reasonable doubt every fact necessary to constitute the crime charged.

The United States Supreme Court has delineated the limited circumstances in which a presumption in a criminal case can pass constitutional muster. It has specifically rejected the comparative convenience of producing evidence as sufficient to validate a presumption. *Tot v. United States,* 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). At a minimum, there must be a "rational connection between the fact proved and the ultimate fact presumed." *Id.* at 467, 63 S.Ct. at 1245. A criminal presumption is irrational, and thus unconstitutional, "unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States,* 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 28 L.Ed.2d 57 (1969). However, the high Court in *Leary* left unresolved whether the rational connection test or the reasonable doubt standard is the appropriate measure.[1]

But whether the proper test is the "more likely than not" standard or that of "rea-

---

1. The rational connection test was first announced in a civil negligence case. *Mobile, Jackson & Kansas City Railroad v. Turnipseed,* 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78 (1910). The Supreme Court has applied the *Turnipseed* rational connection formulation in several criminal cases. *See, e. g., Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *United Stattes v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); *United States v. Gainey,* 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *Yee Hem v. United States,* 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925).

However, many lower federal and state courts which have considered the issue have decided that the "beyond a reasonable doubt" test must be applied to determine if a criminal presumption meets constitutional due process requirements. *See, e. g., United States v. Carter,* 173 U.S.App.D.C. 54, 522 F.2d 666 (1975); *United States v. Black,* 512 F.2d 864 (9th Cir. 1975); *State v. Searle,* 339 So.2d 1194 (La.1976); *Dinkins v. State,* 29 Md.App. 577, 349 A.2d 676 (1976); *State v. Williams,* 288 N.C. 680, 220 S.E.2d 558 (1975). Some commentators have argued for the adoption of the "beyond a reasonable doubt" standard. Ashford and Risinger, *Presumptions, Assumptions and Due Process in Criminal Cases: A Theoretical Overview,* 79 Yale L.J. 165 (1969); Note, *The Unconstitu-*

sonable doubt," it is not satisfied by the presumption of criminal negligence in the present case. It surely cannot be said with substantial assurance, and it certainly cannot be said beyond a reasonable doubt, that criminal negligence accompanies violation of a statute or ordinance in more cases than not. Illustrative examples are readily apparent. For example, driving 60 miles per hour on an intrastate highway or running a stop sign are both violations of state statutes, which while warranting a presumption of ordinary negligence, do not justify a presumption of criminal negligence. The effect of this statutory presumption is to allow the jury to presume that a defendant in a negligent homicide trial is guilty of criminal negligence when the State only has to prove ordinary negligence, i. e. violation of a statute or ordinance. The jury charge employed in this case, reproduced in pertinent part below,[2] suffers this infirmity.

█ In making today's ruling, we respectfully disagree with the Louisiana Supreme Court's observation that:

Reasonably careful men are expected to obey safety laws, and it is within the province of the legislature to permit the inference that one who violates a safety law and thereby injuries another is guilty of criminal negligence; and if it is proved beyond a reasonable doubt that the criminal negligence was the cause of death, the perpetrator may be guilty of criminal homicide.

State v. Hammontree, 363 So.2d p. 1372 (La.1978). The Louisiana legislature in enacting, La.R.S. 14:32 has exceeded constitutional limits since criminal negligence (the presumed fact) does not logically flow from ordinary negligence (the proven

fact). The fact that causation must still be proved beyond a reasonable doubt is not curative, since causation is an element of the offense separate and apart from criminal negligence. Justice Calogero in dissent acknowledged the inherent constitutional defect:

If reasonably careful men are expected to obey safety laws, every violation of a safety law should not be required to be equated with *gross* deviation below the reasonable man standard absent the production of evidence rebutting the dictated conclusion . . .

I believe that the defendant's right to have the state prove beyond a reasonable doubt every fact necessary to constitute negligent homicide, the crime charged, has been violated in this case.

State v. Hammontree, 363 So.2d p. 1374 (La.1978). (Calogero, J., dissenting). The Louisiana Supreme Court itself admonished in State v. Searle, 339 So.2d 1194, 1203 (La.1976), that "[i]n view of the newly emphasized requirement of proof beyond a reasonable doubt of every essential element necessary to constitute the crime with which a defendant is charged it would be appropriate for the legislature to reexamine all criminal presumptions."

█ There remains for consideration the question of whether the trial judge's instruction constituted "harmless error" under the doctrine of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Chapman held that "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic re-

---

*tionality of Statutory Criminal Presumptions,* 22 Stan.L.Rev. 341 (1970).

**2.** "The particular statute that defines the crime of negligent homicide also provides that 'The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.' This has reference to criminal negligence, which is an essential element of the crime charged. The use of the word 'only' in this part of the law means that such presumption is merely a rebuttable one and not conclusive. The presumption does not deprive the accused of the right of showing by evidence

that he was free from criminal negligence even though he has violated a statute or ordinance. This provision of law does not change the rule heretofore mentioned as to the presumption of innocence that attends the accused throughout the trial, for upon its conclusion and after all of the evidence has been presented, in order to convict, the State must have proved to your satisfaction and beyond a reasonable doubt that the defendant was criminally negligent, under the definition of criminal negligence given to you in this charge, and that such negligence was the cause of the killing."

versal of the conviction." *Id.* at 22, 87 S.Ct. at 827. However, *Chapman* also propounded the rule that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24, 87 S.Ct. at 828. On the record before us, the court is unable to say that error was harmless beyond a reasonable doubt.

For the reasons stated herein, this court holds that petitioner's conviction was obtained in violation of his Fourteenth Amendment right to due process of law. Accordingly, the judgment of conviction and sentence imposed upon petitioner by the Fourteenth Judicial District Court, Parish of Calcasieu, Louisiana, is vacated. The State will, upon request, be granted a suspensive appeal. In the event of the failure of the State to appeal timely this ruling to the United States Court of Appeals for the Fifth Circuit within 60 days from the date hereof, the writ will be sustained and petitioner ordered discharged from custody. This disposition is consistent with the statutory provision that the court shall "dispose of the matter as law and justice require." 28 U.S.C. § 2243. *See generally* 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 4268 (1978).