The State v. Kelly.

THE STATE v. KELLY.

1. **Criminal Law**: POSSESSION OF STOLEN PROPERTY: PRESUMPTION. The recent possession of stolen property will authorize a conviction, unless the presumption of guilt arising therefrom is overcome by other facts; and it is immaterial whether it be termed a presumption of law, or a presumption of fact, as both are identical in meaning.

2. ———: TESTIMONY OF DEFENDANT: COMPETENCY OF. The rules relating to the competency of testimony given by other witnesses, should be applied when the prisoner testifies in his own behalf; and the refusal to allow the prisoner to testify as to the statements of the person from whom he claimed to have received the property stolen, tending to show that he believed such person had the right to dispose of the same, was error.

*Appeal from Cherokee District Court.*

WEDNESDAY, MARCH 22.

DEFENDANT was indicted and convicted of larceny of a steer, the property of Peter Mathews, and sentenced to the penitentiary for the term of eighteen months. He now appeals to this court.

*W. G. McConnell*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The evidence establishes, without contradiction, that defendant drove a steer in the night-time to the town of Cherokee, and in the morning sold it to one McConnell, a butcher. This was on the 18th day of September. On the 3d of October, Mathews discovered that a steer belonging to him, kept in a herd of one Coleman, about fifteen miles from Cherokee, was missing. For the stealing of this animal defendant was indicted. There was evidence tending to show that the steer sold by defendant was the one owned by Mathews, which had disappeared from the herd.

II. The court gave the following instruction to the jury:

"It is a rule of law that when property has been recently stolen and is shortly thereafter found in the exclusive possession of a party, such fact is *prima facie* evidence of the guilt of such party so found in possession, of the felonious taking of said property, unless to the jury such possession is satisfactorily explained. If, therefore, you find from the evidence herein that the steer, in the indictment described, was the property of Peter Mathews, that it was stolen from him on or about the 18th day of September, 1878, in this county and State, and if, further, the evidence shows that the defendant, Dennis Kelly, was in the possession of said steer, in this county and State, and sold the same to the witness, McConnell, within two or three days after the same was stolen, then such proof would warrant you in finding the defendant guilty, unless the testimony has, to you, satisfactorily explained that possession. But before a presumption of defendant's guilt would arise, and before you would, by reason of such possession, be warranted* in finding defendant guilty, you must be satisfied that the same steer that defendant sold, was, when sold, the property of Peter Mathews, and had been, within a short time prior thereto, stolen from said Peter Mathews."

*1. CRIMINAL law: possession of stolen property: presumption.*

This instruction is complained of by defendant's counsel as being erroneous, on the ground that it directs the jury that the

recent unexplained possession of stolen property raises a presumption in law of defendant's guilt. Counsel insist that the presumption is of fact and not of law, and that the court erred in not so directing the jury.

The recent unexplained possession of stolen property tends to establish the guilt of the person in whose possession it is found, and will authorize conviction, unless the inference of guilt is overcome by other facts tending to establish the innocence of the accused. This presumption may be overcome by testimony establishing facts inconsistent with guilt. Good character may be sufficient in some cases to overcome the presumption. The law holds that the presumption in question, unless overcome, will authorize conviction. It is a presumption recognized by the law, and may, therefore, be termed a presumption of law. The term presumption of fact implies that from certain facts the law will raise a presumption. Either of these terms, presumption of law or presumption of fact, may be used to express the same thought, for they are identical in meaning. See *State v. Richart, ante*, p. 245; *State v. Hessians et al.*, 50 Iowa, 135; *The State v. Taylor*, 25 Iowa, 275. The instruction we think is correct.

III. The prisoner gave the following and other testimony in his own behalf. " I got that steer from Jim Garren's yard.

2. ——: testimony of defendant: competency of.

Garren lives about a mile southeast from our place. Garren hired me to take the steer. This was about two days, I think, before I took the steer. It was in the evening he hired me." Defendant then proposed to state the conversation had between himself and Garren at that time, but upon objection by the State the evidence was excluded, the court holding that the defendant could not testify to the conversation had with Garren, but it was competent for him to testify to the " arrangement " made between them. Thereupon the prisoner testified as follows: " Yes, there was an arrangement. I was to drive this steer down here from home, and get two dollars for driving it down

and selling it for him. I was to take the steer in a couple of days, and I did. I took the steer about one or two o'clock at night and Jim Garren helped me drive it part way. I got to town about daylight. I drove the steer to the barn, then went to Green's hotel; no one up, I called my brother; he got a rope and we tied the steer up. I sold the steer to Mr. McConnell for about $24, and gave the money to Jim Garren that evening; I gave it all to him and he paid me $2. * * *
I did not get the steer at Coleman's herd; when I saw the steer at Garren's yard I did not know whose it was; he did not say; Garren selected the steer out of the yard to be driven here."

The rules relating to the competency of testimony given by other witnesses are applicable when the prisoner testifies in his own behalf, and the fact that the evidence against him is strong and his story improbable can have no bearing upon the question of the admissibility of the testimony proposed. We are to apply the rules recognized by the law without regard to the particular merits of the case before us.

In criminal cases all circumstances connected with a transaction tending to show the guilt or innocence of the accused, which bear upon its character and tend to disclose the *animus* of the parties, are regarded by the law as a part of the transaction itself, and are competent evidence. In the absence of a knowledge of such circumstances, incorrect and unjust conclusions may be reached touching the motives and intentions of the parties to the transaction. These attending circumstances are in the language of the law denominated *res gestæ*, and are always to be received in evidence and considered with the principal fact or transaction. The defendant's guilt in this case, in view of his own testimony, depends upon his knowledge that Garren had no right to the possession of the steer and that it was stolen property. If this element is not in the case he is innocent. He ought, therefore, to have been permitted to testify as to his knowledge upon this subject, de-

rived from his conversation with Garren. If he was induced
to believe by the declarations and statements of Garren, that
he had a right to the possession of the steer and authority to
employ defendant to sell it, and statements of Garren to that
effect would be proper to consider in determining whether de-
fendant entertained such belief, he was innocent of crime.
Evidence of this character would have accounted for his pos-
session of the stolen property. These conclusions are based
upon the most familiar rules of evidence and are supported by
the clearest reason. See *Muck v. The State*, 48 Wis., p. 271.

For the error in refusing to admit the evidence above con-
sidered the judgment of the District Court must be

REVERSED.