55 N.J. Super. 598 (1959)
151 A.2d 396
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MATTHEW I. PROTOKOWICZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1959.
Decided May 28, 1959.
*600 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Clive S. Cummis argued the cause for defendant-appellant (Messrs. Cummis & Kroner, attorneys; Mr. Maurice M. Krivit, of counsel).
Mr. C. William Caruso argued the cause for plaintiff-respondent (Mr. Brendan T. Byrne, Deputy Attorney General, Acting Essex County Prosecutor, attorney).
The opinion of the court was delivered by FOLEY, J.A.D.
The appellant was convicted in the Municipal Court of the City of Montclair and, on appeal, in the Essex County Court of operating an automobile while under the influence of intoxicating liquor. N.J.S.A. 39:4-50. This is a review of the latter conviction.
In both of the courts below the cumulative effect of the testimony of the State's witnesses overwhelmingly established the defendant's guilt, and in this proceeding appellant does not challenge the sufficiency of the evidence as a basis for conviction. However, in the course of the physical examination conducted at the Montclair Police Headquarters by respondent's doctor, appellant upon request permitted the doctor to draw a sample of his blood for blood alcohol determination. Analysis of the sample revealed an alcoholic content of 0.1565%. A report to this effect was received in evidence.
The validity of the conviction is challenged solely on the ground that N.J.S.A. 39:4-50 and 50.1 when conjoined are violative of the provisions of the 14th Amendment of the Federal Constitution and Art. 1, par. 1 of the State Constitution. The thesis of the appellant is that N.J.S.A. 39:4-50.1 establishes a presumption which is fundamentally unfair, and when considered in conjunction with N.J.S.A. *601 39:4-50 it amounts to a constitutionally forbidden "irrebuttable presumption" of guilt.
N.J.S.A. 39:4-50 provides as follows:
"A person who operates a motor vehicle while under the influence of intoxicating liquor * * * shall be subject, * * *" (penalty provided)
N.J.S.A. 39:4-50.1 recites:
"In any prosecution for a violation of Section 39:4-50 of Title 39 of the Revised Statutes relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:
1. If there was at that time 0.05 per centum or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor;
2. If there was at that time in excess of 0.05 per centum but less than 0.15 per centum by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant;
3. If there was at that time 0.15 per centum or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor.
The foregoing provisions of this section shall not be construed as requiring that evidence of the amount of alcohol in the defendant's blood must be presented, nor shall they be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor. No chemical analysis, as provided in this section, or specimen necessary thereto, may be made or taken unless expressly consented to, or requested by, the defendant." L. 1954, c. 23, § 30, p. 76, supplementing chapter 4, Title 39.
In support of the argument that the presumption set forth in the third section of N.J.S.A. 39:4-50.1 must be regarded as conclusive or irrebuttable, appellant reasons thus: since the first section creates a presumption that if 0.05% or less alcohol is found the defendant is not under the influence of alcohol, and since no presumption arises where the blood alcohol content is in the range between *602 0.05% and 0.15%, the obvious intent of the Legislature was to create a conclusive presumption in the third section. We deem this conclusion to be a non sequitur.
Nor do we find logical appeal in appellant's contention that proof of alcohol in the blood of 0.15% or more creates a conclusive presumption of the violation of N.J.S.A. 39:4-50. It was conceded on the oral argument that the presumption arising from proof of alcohol in the blood of 0.15% has valid scientific support. Moreover, in Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 412, 1 L.Ed.2d 448 (1957), the court described the blood test as a "scientifically accurate method of detecting alcoholic content in the blood" and said that it furnished "an exact measure upon which to base a decision as to intoxication." The purpose of N.J.S.A. 39:4-50.1 is to dispense with the necessity of expert testimony that one with 0.15% of alcohol in the blood is under the influence of alcohol and to preclude testimony that persons with that much alcohol in the blood are not as a general rule under the influence of alcohol. However, it does not foreclose proof which tends to establish that the person charged with the offense was not under the influence of alcohol. We view the section as no more than a rule of evidence which in some instances may be of aid to the State in a prosecution for violation of N.J.S.A. 39:4-50, in others of assistance to the defendant, and in some cases neither helpful nor harmful to either party.
Our courts have not previously considered the effect of the presumption in question on due process requirements. Elsewhere the question is not novel. State v. Childress, 78 Ariz. 1, 274 P.2d 333, 46 A.L.R.2d 1169 (Sup. Ct. 1954), and the accompanying annotations are directly in point. Defendant therein charged that the Arizona statute (A.R.S. § 28-692) relating to presumptions of intoxication was unconstitutional as in violation of the due process clause. The court rejected the contention noting that the presumption created is not one of guilt but of intoxication. It held that there was a rational connection between the *603 fact presumed (drunkenness) and the fact proved (0.15% of alcohol in the blood) and that under Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1931), this was sufficient to uphold the statute.
A similar case is Kay v. United States, 255 F.2d 476, 481 (4 Cir. 1958), certiorari denied 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65, wherein the defendant attacked the statute as denying him the right of confrontation of witnesses and as creating an unconstitutional presumption. Both arguments were rejected. As to the presumption, the court stated:
"The presumption here is rebuttable. It neither restricts the defendant in the presentation of his defense nor deprives him of the presumption of innocence. Since wide experience has demonstrated the close connection between the presumed fact and the alcoholic content of the blood, there is no constitutional objection to the jury's consideration, with all of the other evidence, of the statutory presumption."
See annotation, "Constitutionality of statutes or ordinances making one fact presumptive or prima facie evidence of another," 162 A.L.R. 495.
We are in accord with these holdings. In final analysis, the scientific fact when proven by the State or defendant, as the case may be, and the presumption deriving therefrom is relevant only to the issue of intoxication and has no bearing whatever on the equally important components of the charge, namely, that the defendant operated a motor vehicle on a public highway. All evidence and all presumptions or inferences arising therefrom are subordinated to the fundamental presumption of innocence which cloaks the defendant throughout the case, the burden remaining on the State to prove every element of the charge beyond a reasonable doubt.
Thus we conclude that the presumption provided by N.J.S.A. 39:4-50.1 when regarded in its proper setting is not violative of N.J. Const. 1947, Art. 1, par. 1, or U.S. Const. Amend. XIV, § 1.
Affirmed.