STATE of Maine

v.

Herbert LEBRETON.

Supreme Judicial Court of Maine.

Oct. 8, 1976.

David M. Cox, Dist. Atty., Bangor, for plaintiff.

Paine, Lynch & Weatherbee, by Errol K. Paine, Peter M. Weatherbee, Bangor, for defendant.

Before DUFRESNE, C. J. and POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

Tried before a jury in the Superior Court (Penobscot County) on May 7, 8, 1975, defendant Herbert Lebreton was found guilty of having operated a motor vehicle, on December 5, 1974, while under the influence of alcohol (in violation of 29 M.R.S.A. § 1312–10–A).

■ We sustain defendant's appeal from the judgment of conviction because, notwithstanding appropriate objections by counsel for defendant, the presiding Justice gave the jury prejudicially erroneous instructions concerning the legal effect of the provision in 29 M.R.S.A. § 1312–5–C that:

". . . 0.10%, or more by weight of alcohol in the defendant's blood, . . . is prima facie evidence that the defendant was under the influence of intoxicating liquor . . .."

■ Evidence had been presented that a test of defendant's breath yielded a result showing in defendant's blood "0.13 grams of alcohol per 100 milliliters of blood." The presiding Justice discussed this evidence in his charge to the jury. He told the jury, inter alia:

"If you had nothing else, no other evidence in this case at all . . . and all you had was this blood test, you could return a verdict of guilty, if you were satisfied from your experience and what you know, . . . and the authenticity of the blood test, . . . beyond a reasonable doubt that the defendant was under the influence[;] on that alone,

. . . [you] would be justified in returning a verdict of guilty. : . . . [Y]ou are not bound to do so . . .."

In itself, this instruction—that evidence having prima facie force *against* the accused as to facts constituting the crime warrants, but does not compel, a finding against the accused—was correct. See: *State v. Poulin,* Me., 277 A.2d 493, 499, 500 (1971).

■ However, in another portion of his charge the presiding Justice saw fit to speak in more generalized terms concerning the legal effect of prima facie evidence in a criminal prosecution. He told the jury:

"When you are dealing with prima facie evidence, . . . you should look at what the law says is prima facie evidence, and then look at it in the light of all the other evidence in the case. . . . *It shifts the burden of going forward to the other party,* but it should be consistent with all the other testimony that you have heard. . . . [Y]ou have to weigh the prima facie effect of the law against all of the evidence, and use it if it helps you, follow it if you think it's accurate and is consistent with all the other facts in the case, but disregard it if you feel that there are other factors in the case that outweigh it." (emphasis supplied)

This instruction was given immediately after the Justice had mentioned to the jury the provision in 29 M.R.S.A. § 1312–5–A that:

"[i]f there was, . . . 0.05% or less by weight of alcohol in the defendant's blood, it is prima facie evidence that the defendant was *not* under the influence of intoxicating liquor." (emphasis supplied)

It is arguable that because of this immediately preceding context in which the presiding Justice was speaking of evidence having prima facie effect *in favor of,* rather than against the accused—notwith-

standing that the literal language of the instruction failed to make such distinction explicit,—the language of the presiding Justice should be interpreted as telling the jury that only evidence having prima facie force *in favor of the accused* "shifts the burden of going forward to the other party", i. e., to the State.

■ Were this so, this portion of the charge could also be taken as a basically correct exposition of the law.[1] Since the Justice presiding in a criminal prosecution has authority to take the case from the jury by ordering entry of a judgment of acquittal, it is both meaningful and accurate to regard evidence operative with prima facie force in favor of the accused, i. e., against the State, as imposing upon the State a burden to come forward with "other factors . . . that outweigh . . . [the prima facie evidence]"; otherwise, the State will suffer the consequence of a court directed judgment acquitting the accused.

Yet, even though the above-mentioned extracts from the instructions of the presiding Justice may be deemed correct in the immediate contexts in which they were given, we must conclude that in its entirety the charge left inadequately explained, and thus likely to be unknown to the jury, that there is a fundamental and important difference between evidence having prima facie effect *in favor of,* and evidence having such effect *against,* the accused as to facts constituting the crime.

This infirmity in the charge as a whole, and the potential harm it could cause the defendant, came into sharp focus when, by a seasonable objection, defense counsel asserted to the presiding Justice that seriously prejudicial error had been committed by the presiding Justice's instruction

"as to the meaning of 'prima facie', that it shifts the burden of going forward to the other party."

When this objection was made, the presiding Justice did not undertake to explain to counsel that the presiding Justice considered the instruction correct, and it was counsel who misunderstood the import of the instruction in the context in which it had been given because counsel had overlooked that the instruction was geared *only* to the legal effect of evidence having prima facie force *in favor of the accused.* Rather, the presiding Justice seemed to acknowledge some force in counsel's objection and proceeded to give the jury clarifying instructions.

Yet, again, the Justice failed to bring forward the real point:—i. e., the difference between evidence having prima facie force concerning facts constituting the charged crime as operative against the accused and evidence having such prima facie effect in favor of the accused. Instead, obviously misapprehending the thrust of defense counsel's objection, the presiding Justice proceeded to deal with it as if counsel had been complaining that the presiding Justice had given an instruction which could mislead the jury into believing that the presence of evidence statutorily prescribed to have prima facie force against the accused shifted the *ultimate burden of proof* to defendant to establish his innocence. Accordingly, the presiding Justice finally explained to the jury:

". . . [I]f I led you to believe from what I said earlier that the prima facie presumption, or the effect of it, shifts a burden to the defendant, it does not, and never does shift the burden of proving his innocence to him. If a defendant wishes, and he doesn't have to, rebut the presumption, the presumption that the

---

1. It should be observed, however, that even if correct, this information should not have been given to the jury. As our immediately following discussion clarifies, the principle stated is applicable to the presiding Justice's determination of whether or not to direct a verdict for the accused and is, therefore, without relevance for the jury. See: *State v. Poulin,* supra, at p. 500.

law creates, then the prima facie presumption shifts the burden of moving forward with any evidence to rebut as to the defendant, but it doesn't shift the burden of proof to him. A defendant has no burden of proof. He is under no obligation to rebut the presumption that the law creates, and he has the right to remain and rest with his presumption of innocence, and the burden of proof as to all issues rests and remains wholly with the State."

Defense counsel again objected, stating that the

".   .   .   curative   .   .   . [instruction] did not adequately dissuade the jury from the prior prejudice   .   .   .."

The presiding Justice, however, saw fit to say nothing more to the jury.

Thus, as the last information which the jury heard, the presiding Justice not only (1) repeated the point previously made *in general terms* that the legal effect of evidence having prima facie force against a party is to impose on such party a "burden of moving forward with   .   .   . evidence to rebut" but also (2) now, made plain and explicit that such is the legal effect *specifically* when the evidence having prima facie force is operating *against the accused* as to facts constituting the crime charged.

True, the presiding Justice coupled this statement of a burden of going forward as imposed on the defendant with other remarks that the defendant has

"no obligation to rebut the presumption that the law creates, and he has the right to remain and rest with his presumption of innocence, and the burden of proof as to all issues rests and remains wholly with the State."

We conclude, however, that because of the presiding Justice's final reference to a burden of going forward resting on the defendant, these other references by the pre-

siding Justice were inadequate to give the jury a clear and accurate view of the law. Taken as a whole, the charge had potential to lead the jury to believe that defendant was under some kind of obligation to explain away the cogency of the blood test and if he did not do this, the jury had a responsibility to find him guilty. In sum, it is appropriate to say, here, as we said in *State v. Poulin,* supra, quoting from *State v. Malone,* 327 Mo. 1217, 39 S.W.2d 786 (1931):

" 'A lawyer might work out a construction to reconcile and harmonize that positive direction with the concluding sentence and the presumption of innocence to which defendant is entitled, but it is not likely a jury of laymen could do so. To say the best of it, the instruction was likely to be misunderstood by, and to mislead, the jury.' " (p. 500)

██ It was prejudicial error, here, for the presiding Justice—once (inappropriately, n. 1, supra) he had seen fit to mention at all to the jury the subject-matter of a burden of a party to go forward with evidence—to fail to make abundantly clear to the jury that, no matter what the circumstances and regardless of the existence of evidence having prima facie force against the defendant, *the defendant has no burden whatever as to the proof of facts constituting the crime:*—whether it be the ultimate burden to prove his innocence or a burden of going forward with evidence. Indeed, as to a criminal prosecution, to conceive that the prima facie force of evidence as operative against the accused concerning facts constituting the crime imposes a burden on the accused to come forward with rebutting evidence is not only error but is basically meaningless. Only in a context in which one party is subject to having an issue removed from the consideration of the jury does significance attach to the concept of a burden of going forward with evidence, the significance being that for failing to meet the burden of

going forward with evidence on the issue, the party bearing such burden will suffer the consequence that he cannot have the jury evaluate the issue. In a criminal prosecution, however, issues involving proof of facts constituting the crime charged may *never* be taken from the jury *against* the interests of the accused.

In *State v. Larrabee*, 156 Me. 115, 122, 123, 161 A.2d 855 (1960), this Court adverted to this point when it quoted from the text of Wharton's Criminal Law, as follows:

". . . even though a prima facie case has been established, . . . the jury cannot convict a defendant *by default merely because he does not offer any evidence in his behalf*." (emphasis supplied)

We made the same point in footnote 3 of *State v. Poulin,* supra, when we explained that a dictum in *State v. O'Clair,* Me., 256 A.2d 839 (1969) was in error in purporting to apply to the accused in a criminal prosecution, concerning facts constituting the crime charged, a "burden of going forward" as delineated in relation to civil actions by *Hinds v. John Hancock Mutual Life Insurance Company,* 155 Me. 349, 155 A.2d 721 (1959).

The entry is:

*Appeal sustained.*

WEATHERBEE, J., did not sit.

DELAHANTY, J., did not sit.

All Justices concurring.